June Term, 1861.

WARD
v.
BOWEN.

---

WARD VS. BOWEN.

In an action upon a joint and several note against the survivor of the two makers, the defendant having proved that the plaintiff had sold chattels mortgaged to him by the deceased promisor, for a sum sufficient to pay all the deceased owed him, including the note sued upon, the plaintiff offered himself as a witness to prove that he had applied a large part of the proceeds of the mortgaged property, with the consent of the mortgagor, to the payment of a note which he had indorsed as surety for the mortgagor. *Held,* that the evidence offered was admissible.

The admission of the plaintiff's testimony could not affect the personal representatives of the deceased, in a subsequent action by the other promisor against them for contribution, and therefore sec. 51 of chap. 137, R. S., does not apply to the case.

APPEAL from the Circuit Court for *Walworth* County.

Action on a joint and several note for $53.60, made to the plaintiff March 1, 1858, by the defendant *J. B. Bowen* and one Daniel Bowen who had died before the commencement

June Term, 1861.

WARD
v.
BOWEN.

of the action. Defense, payment by Daniel Bowen in his life time. To prove the payment, the defendant introduced three chattel mortgages given by Daniel Bowen to the plaintiff, with conditions respectively for the payment of $300, $250 and $100, without any description of the nature of the indebtedness, and gave evidence tending to show that the plaintiff had received from sales of the mortgaged property, enough to pay all debts due to him from Daniel Bowen, including the note sued upon. The plaintiff offered himself as a witness, but the defendant objected, and upon an intimation from the court that the plaintiff was not competent to testify as to matters which passed between him and Daniel Bowen, it was agreed that he might give evidence "to such matters as did not detail transactions, admissions or conversations had with Daniel Bowen." The plaintiff being sworn, his counsel offered to prove by him that previous to the making of said mortgages, he had, as surety for Daniel Bowen, indorsed a note given by him to one Hemmingway, on which there was due, at the time of the sale of the mortgaged property, $398.04; that said mortgages were made in part to secure him as such indorser; and that by agreement between him and Daniel Bowen, the note to Hemmingway was paid by him out of the avails of the mortgaged property, and was given up to Daniel Bowen in his life time. This evidence was objected to, and the court excluded it.

Verdict and judgment for the defendant.

*Spooner & Kellam*, with whom were *Spooner & Harkness*, for appellant, argued that since Daniel Bowen's representatives were not parties or privies to this action, sec. 51, chap. 137, R. S., did not apply. The evidence in this action would have no effect in an action by the defendant herein against the estate of Daniel Bowen for contribution.

*Barnes & Allen*, for respondent, contended that by the terms of the agreement between the parties, under which the plaintiff was allowed to be sworn, the testimony offered and rejected could not be received; and that it was inadmissible under sec. 51, chap. 137, R. S.

December 11.  *By the Court,* COLE, J.  The defense to this action was,

June Term,
1861.

WARD
v.
BOWEN.

that the note sued on had been paid out of the proceeds of the personal property which had been mortgaged by Daniel Bowen to the appellant. It appears from the evidence that Daniel Bowen had given *Ward* three chattel mortgages upon some stock, a yoke of oxen, a colt, buggy and harness, and upon various kinds of grain growing upon his farm, to secure an aggregate indebtedness of six hundred and fifty dollars. It does not appear from the mortgages what the nature of this indebtedness was. The testimony showed that most of the mortgaged property, or the avails of it, had come into the hands of *Ward,* and he offered to show by his own testimony how he had applied these proceeds. He proposed showing that about four hundred dollars of the avails of the property had been applied in payment of a note given by Daniel Bowen to one Hemmingway, which he had indorsed, and that this application was made with the understanding or agreement of the mortgagor. We are unable to perceive any valid objection to the admission of this testimony. It certainly went directly to meet and disprove the defense to this action, that the note sued on had been paid out of the avails of the mortgaged property. Since the defense was that the note had been fully paid and discharged out of the proceeds of that property, why should not the appellant be permitted to show what had become of the proceeds, and thus rebut any presumption that he had surplus moneys in his hands to pay the note? The respondent first went into this matter of the chattel mortgages, by offering them in evidence and proving the value of the property embraced in them, which had come to the possession of the appellant; and hence the pertinency of the testimony offered, and excluded by the court. The appellant was thus called upon to account for all the mortgaged property and to show what he had done with it, in order to meet the respondent's defense. We can therefore see no objection to his testifying upon those matters, or to his showing that he had applied the proceeds in strict accordance with the directions of the mortgagor. This was in the strictest sense rebutting testimony.

It is contended that it was not competent for the appellant to testify in regard to transactions or agreements between

him and Daniel Bowen, growing out of these chattel mortgages, because Daniel Bowen was dead, and such evidence would tend to establish a claim against his estate. But this is an erroneous view of the case. The note sued on was joint and several, and the appellant was proceeding against the respondent, one of the makers. The administrator or legal representatives of Daniel Bowen were not parties to this suit. And whatever may be the equities between the estate of Daniel Bowen and the respondent in respect to the note sued on, it is very clear that a judgment upon it in this action cannot prejudice the estate, for the simple reason that neither the administrator nor personal representatives of Daniel Bowen are parties to this suit, and therefore will not be concluded by such judgment.

Under the circumstances therefore, we think the circuit court erred in not permitting the appellant to state what he had done with the avails of the mortgaged property, and to show that he had no surplus moneys in his hands with which to pay the note.

The judgment of the circuit court is reversed, and a new trial ordered.